UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Criminal No. |
| v. | § § | UNDER SEAL  16 CR 0259 |
| JOHN P. RAMIREZ, M.D., and SUSANNA BERMUDEZ, a/k/a SUSANNA BARRIENTOS, | § § § § | |
| Defendants. | § § | |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INDICTMENT

The Grand Jury charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1. The Medicare Program ("Medicare") was a federal healthcare program providing benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals receiving benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3. "Part A" of the Medicare program covered certain eligible home-healthcare costs for medical services provided by a home healthcare agency ("HHA") to beneficiaries requiring home-health services because of an illness or disability causing them to be homebound. Payments for home-healthcare services were typically made directly to a HHA based on claims

submitted to the Medicare program for qualifying services that had been provided to eligible beneficiaries, rather than to the beneficiaries.

4. Physicians, clinics, and other healthcare providers, including HHAs that provided services to Medicare beneficiaries, were able to apply for and obtain a Medicare "provider number." A healthcare provider that was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that were performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other healthcare provider that ordered the services.

5. The Medicare program paid for home-health services only if the patient qualified for home-healthcare benefits. A patient qualified for home-healthcare benefits only if:

    a. the patient was confined to the home, also referred to as homebound;

    b. the patient was under the care of a physician who specifically determined there was a need for home healthcare and established the Plan of Care (or "POC"); and

    c. the determining physician signed a certification statement specifying that:

        i. the beneficiary needed intermittent skilled nursing services, physical therapy, or speech therapy;

        ii. the beneficiary was confined to the home;

        iii. a POC for furnishing services was established and periodically reviewed; and

        iv. the services were furnished while the beneficiary was under the care of the physician who established the POC.

## MILTEN CLINIC, INC.

6. Milten Clinic, Inc. a/k/a Miltens Clinic ("Milten") was a purported medical clinic doing business at 811 Cooper Street, Brookshire, Texas 77423 from in or around August 2009 through in or around August 2015. Milten also purported to do business at 13035 Bates Lane, Stafford, Texas 77477 from in or around December 2012 through in or around August 2015.

7. Milten operated out of 13035 Bates Lane, Stafford, Texas 77477 along with the Colony Health Services, Inc., a purported HHA doing business in and around Houston, Texas.

8. Milten purportedly provided medical services to Medicare beneficiaries from in or around December 2012 through in or around August 2015.

## DEFENDANT

9. **JOHN P. RAMIREZ** was a physician licensed by the State of Texas and was affiliated with Milten from in or around December 2012 through in or around August 2015.

10. Defendant **SUSANNA BERMUDEZ** a/k/a **SUSANNA BARRIENTOS** ("**SUSANNA BERMUDEZ**") was the office manager, supervisor, and biller at Milten.

### Co-Conspirators

11. Co-conspirators of **JOHN P. RAMIREZ** and **SUSANNA BERMUDEZ** included HHA owners and operators, who billed Medicare for home-health services for Medicare beneficiaries that were not medically necessary, not provided or both. **JOHN P. RAMIREZ** was listed as the referring physician for these billed-for services submitted by co-conspirators at HHAs.

# COUNT 1

**Conspiracy to Commit Healthcare Fraud**
**(Violation of 18 U.S.C. § 1349)**

12. Paragraphs 1 through 12 are re-alleged and incorporated by reference as if fully set forth herein.

13. From in or around December 2012 through in or around August 2015, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, defendants

**JOHN P. RAMIREZ and SUSANNA BERMUDEZ**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the grand jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items, and services.

**Purpose of the Conspiracy**

14. It was a purpose of the conspiracy for **JOHN P. RAMIREZ** and **SUSANNA BERMUDEZ**, and others known and unknown to the Grand Jury, to unlawfully enrich themselves by (a) providing false and fraudulent POCs to HHAs, (b) causing the submission and concealment of false and fraudulent claims to Medicare, and the receipt and transfer of proceeds from the fraud, and (c) causing the diversion of the proceeds of the fraud for the personal use and benefit of defendants and their co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which defendants sought to accomplish the purpose of the conspiracy included, among other things:

15. HHAs would send to Milten the names of Medicare beneficiaries to be certified for home-health services.

16. **JOHN P. RAMIREZ, SUSANNA BERMUDEZ**, and other co-conspirators, known and unknown, would make it appear as if Medicare beneficiaries qualified for and received home-health services when those services were not medically necessary, not provided or both.

17. **JOHN P. RAMIREZ** would sign POCs for Medicare beneficiaries certifying that they were under his care, when in fact, they were not under his care. **JOHN P. RAMIREZ** would also sign POCs for Medicare beneficiaries certifying that they were home bound, when in fact, the patients were not home bound.

18. Milten would pay **JOHN P. RAMIREZ** to sign false POCs.

19. **SUSANNA BERMUDEZ** would sell signed POCs to HHAs that would bill Medicare for purported home-health services that were medically unnecessary, not provided or both.

20. From in or around December 2012 through in or around August 2015, **SUSANNA BERMUDEZ** and other co-conspirators, known and unknown, would submit, or would cause the submission of $1,838,493.58 in claims to Medicare for services that were not medically necessary, not provided or both for whom **JOHN P. RAMIREZ** was listed as the purported referring physician for home-health services. Medicare would pay Milten approximately $1,105,442 on these fraudulent claims.

5

21. From in or around December 2012 through in or around August 2015, **JOHN P. RAMIREZ, SUSANNA BERMUDEZ,** and other co-conspirators, known and unknown, would cause the submission to Medicare of fraudulent claims for home-health services submitted by co-conspirators at HHAs where **JOHN P. RAMIREZ** was listed as the referring physician. Medicare would pay HHAs approximately $15,145,022 on these claims.

All in violation of Title 18, United States Code, Section 1349.

## CRIMINAL FORFEITURE
## (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States of America gives notice to defendants **JOHN P. RAMIREZ** and **SUSANNA BERMUDEZ** that upon conviction, all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense is subject to forfeiture.

### Money Judgment

22. Defendants **JOHN P. RAMIREZ** and **SUSANNA BERMUDEZ** are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is approximately $15,145,022.

Substitute Assets

23. Defendants **JOHN P. RAMIREZ** and **SUSANNA BERMUDEZ** are notified that if any of the forfeitable property, or any portion thereof, as a result of any act or omission of defendants or their co-conspirators:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

Original Signature on File
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
Scott P. Armstrong
TRIAL ATTORNEY
CRIMINAL DIVISION
FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Tina Ansari
ASSISTANT UNITED STATES ATTORNEY
U.S. ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF TEXAS